UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR HENDRIX, JR., | ) | 1:04-cv-06180-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | ABEYANCE AND STAY OF |
| | ) | PROCEEDINGS ON PETITION FOR WRIT |
| v. | ) | OF HABEAS CORPUS |
| | ) | (Doc. 22) |
| | ) | |
| J. SOLIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

　　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On August 30, 2004, Petitioner filed his federal habeas petition, including two grounds for relief, i.e., due process violations in the in camera review of "Pitchess" documents and in the denial of his motion for a mistrial, challenging his conviction for possession of cocaine base for sale and the resulting prison sentence of thirteen years.  (Doc. 1).  On May 12, 2005, the Court ordered Respondent to file a response.  (Doc. 9).  On November 17, 2005, Respondent filed the response.  (Doc. 18).  On December 9, 2005, Petitioner requested additional time to file his traverse.  (Doc. 20).  On December 15, 2005, Petitioner filed the instant motion for an abeyance, requesting that this Court stay proceedings on the petition to permit Petitioner to exhaust "grounds that are now before the California Supreme Court."  (Doc. 22, p. 1).

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-988 (9th Cir. 1998); <u>Greenawalt v. Stewar7</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that <u>Taylor</u> in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." <u>Taylor</u>, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. <u>Id</u>. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. <u>Kelly v. Small</u>, 315 F.3d 1063, 1070 (9th Cir. 2004); <u>Ford v. Hubbard</u>, 305 F.3d 875, 882-883 (9th Cir. 2002); <u>James v. Pliler</u>, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); <u>Taylor</u>, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). However, on March 30, 2005, the United States Supreme Court decided <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and <u>Lundy</u>'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. <u>Rhines</u>, 125 S.Ct. at 1533-1534. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

Here, Petitioner has filed a petition that appears to contain only exhausted claims.  However, Petitioner indicates that he is concurrently pursuing state habeas remedies in an effort to exhaust an additional claim or claims which he neither describes nor concerning which provides any information.  Petitioner's motion contains no reasons why Petitioner has waited for fifteen months to attempt to exhaust this additional claim, nor does it provide the Court with any basis on which to make a determination regarding the existence of good cause for granting such a stay.

The fifteen month delay relates not only to the issue of "good cause," but also to the viability of any newly exhausted claim.  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on August 30, 2004; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

Here, Petitioner's Petition for Review was denied by the California Supreme Court on February 27, 2004. Thus, his direct review became final for purposes of AEDPA's one-year limitation period on May 28, 2004, ninety days after the California Supreme Court denied the Petition for Review. Accordingly, the limitations period commenced to run on May 28, 2004. Although the Petition itself was filed well within the one-year limitations period, this would not be true for any newly exhausted claims filed at this point in the proceedings, since a federal habeas corpus petition that is pending in federal court does *not* toll the running of the one-year period. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182 (2001).

Thus, the limitations period expired on May 28, 2005, <u>see</u> 28 U.S.C. § 2244(d)(1), almost seven months *before* Petitioner filed the instant request to stay proceedings while he exhausted additional claims in state court. Even were such claims to be exhausted as of today's date, and even were Petitioner to file an amended petition containing those newly exhausted claims as of today's date, those claims would be untimely under AEDPA unless Petitioner could establish his entitlement to either statutory or equitable tolling under AEDPA. At present, given the abbreviated grounds contained in the instant motion for stay, there is nothing in the record to suggest that Petitioner would be entitled to tolling, and thus it appears that any newly exhausted claims would be barred by the statute of limitations.

Moreover, as mentioned, Respondent has already filed his response, including voluminous documents that are now lodged with the Court and that bear upon the claims already included in the Petition. As discussed above, Petitioner has provided the Court with no grounds to justify requiring

Respondent to file either a new or supplemental response addressing newly exhausted claims. This is especially so in light of the fifteen month delay between the filing of the original petition and the filing of this motion to stay.

From the foregoing, it appears to the Court that Petitioner is not attempting to exhaust his "newly discovered" claim in a timely and expeditious manner and, while there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings, Petitioner's unexplained fifteen month delay raises at least an inference of dilatory conduct. Finally, Petitioner has provided insufficient grounds for the Court to determine either that Petitioner is proceeding in good faith or that no prejudice would inure to the parties by granting the requested stay. In light of the foregoing, the Court cannot conclude that Petitioner's interest in obtaining federal review of these new claims outweighs the competing interests in finality and speedy resolution of federal petitions. <u>Rhines</u>, 125 S.Ct. at 1535. Because Petitioner has failed to satisfy the criteria established by the United States Supreme Court in <u>Rhines</u> for granting a stay, Petitioner's motion must be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for abeyance of proceedings (Doc. 22), is DENIED.

IT IS SO ORDERED.

**Dated:   December 29, 2005**            /s/ Theresa A. Goldner
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE