1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT FOR THE

8                    EASTERN DISTRICT OF CALIFORNIA

9

10  ARTHUR HENDRIX, JR.,                )        1:04-cv-06180-TAG-HC
                                        )
11                  Petitioner,         )        ORDER DENYING
         v.                             )        CERTIFICATE OF
12                                      )        APPEALABILITY (Doc. 36)
    ASSOC. WARDEN J. SOLIS,             )
13                                      )
                                        )
14                  Respondent.         )
                                        )
15  _____  )

16

17        Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate

19  Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

20        On June 21, 2007, the Magistrate Judge filed an Order denying the instant petition on the

21  merits.  (Doc. 34).  Judgment was entered on June 21, 2007.  (Doc. 32).

22        On July 30, 2007, Petitioner filed a motion for issuance of a certificate of appealability.

23  (Doc. 36).   The requirement that a petitioner seek a certificate of appealability is a gate-keeping

24  mechanism that protects the Court of Appeals from having to devote resources to frivolous

25  issues, while at the same time affording petitioners an opportunity to persuade the Court that,

26  through full briefing and argument, the potential merit of claims may appear.  Lambright v.

27  Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas

28

1 corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal

2 is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

3 The controlling statute, 28 U.S.C. § 2253, provides as follows:

4         (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
        judge, the final order shall be subject to review, on appeal, by the court of appeals for the

5         circuit in which the proceeding is held.
        (b) There shall be no right of appeal from a final order in a proceeding to test the validity

6         of a warrant to remove to another district or place for commitment or trial a person
        charged with a criminal offense against the United States, or to test the validity of such

7         person's detention pending removal proceedings.
        (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may

8         not be taken to the court of appeals from--
            (A) the final order in a habeas corpus proceeding in which the detention

9             complained of arises out of process issued by a State court;  or
            (B) the final order in a proceeding under section 2255.

10         (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
        made a substantial showing of the denial of a constitutional right.

11         (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
        or issues satisfy the showing required by paragraph (2).

12

13       Accordingly, final orders issued by a federal district court in habeas corpus proceedings

14 are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a

15 petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a

16 certificate of appealability when a petitioner makes a substantial showing of the denial of a

17 constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must

18 establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

19 should have been resolved in a different manner or that the issues presented were 'adequate to

20 deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)

21 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

22       In the present case, the Court finds that Petitioner has not made the required substantial

23 showing of the denial of a constitutional right to justify the issuance of a certificate of

24 appealability.  Reasonable jurists would not find it debatable that Petitioner has not shown an

25 ///

26  ///

27

28                            2

1   entitlement to federal habeas corpus relief.  Accordingly, the Court hereby ORDERS that

2   Petitioner's motion for a certificate of appealability (Doc. 36),  is DENIED.

3

4   IT IS SO ORDERED.

5   Dated:   **August 6, 2007**                                    **/s/ Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            3